UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


KENNETH D. HUBBARD,

                    Petitioner,

vs.                                 Case No.  2:08-cv-215-FtM-36DNF

SECRETARY, DOC,
                    Respondent.
_____


**OPINION AND ORDER**

**I. Status**

     Petitioner Kenneth D. Hubbard, proceeding *pro se*, initiated

this action by filing a Petition for Writ of Habeas Corpus pursuant

to 28 U.S.C. § 2254 on March 11, 2008.[1]  (Doc. #1, Petition).

Petitioner submits a Memorandum of Law (Doc. #2) and an Appendix

(Doc. #3) identifying  exhibits  in  support  of  the  Petition.

Respondent, the Secretary of the Florida Department of Corrections,

--------

     [1]The Petition (Doc. #1) was filed in this Court on March 13,
2008; however, the Court deems the Petition filed when delivered to
prison authorities for mailing and, absent evidence to the contrary
is assumed to be the date the inmate signed the document.  *See
Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).
If applicable, the Court will also give Petitioner the benefit of
the State's mailbox rule with respect to his state court filings
when calculating the one-year limitations period under 28 U.S.C. §
2244(d).  Under Florida's inmate "mailbox rule," Florida courts
"will presume that a legal document submitted by an inmate is
timely filed if it contains a certificate of service showing that
the pleading was placed in the hands of prison or jail officials
for mailing on a particular date, if . . . the pleading would be
timely filed if it had been received and file-stamped by the Court
on that particular date."  *Thompson v. State*, 761 So. 2d 324, 326
(Fla. 2000).

contends, *inter alia*, that Petitioner has not complied with the one-year period of limitations as set forth in 28 U.S.C. § 2244(d). *See* Respondent's Limited Response to Petition for Writ of Habeas Corpus Incorporating a Motion to Dismiss as Time-Barred (Doc. #23, Response) at 1.   In the alternative, the Respondent moves for summary judgment based upon Petitioner's procedural defaults and his failure to otherwise satisfy 28 U.S.C. § 2254(d) and (e). *Id*. Respondent submits exhibits in support of its Response. *See* List of Exhibits (Doc. #25, Exhs. 1-24).   Petitioner filed a Reply to Respondent's Response (Doc. #29, Reply).   This matter is ripe for review.

## II. Procedural History

Hubbard was charged by Information with Sexual Battery in violation of Florida Statute § 794.011(15) (case number 04-04356-CF-ANO, Twentieth Judicial Circuit, Lee County).   Hubbard's jury trial commenced on April 28, 2004.   On April 29, 2004, the jury returned a verdict of guilty as charged.   On June 28, 2004, the trial court adjudicated Hubbard guilty in accordance with the jury's verdict and sentenced Hubbard to 120 months in prison. Petitioner filed a direct appeal through appointed counsel and, following briefing by the parties (Exhs. ##2-4), the appellate court *per curiam* affirmed Hubbard's conviction and sentence on April 22, 2005.   *Hubbard   v. State*, 902 So. 2d 147 (Fla. 2d DCA 2005); Exh. #5.

Hubbard filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 (hereinafter "Rule 3.850 Motion") on September 12, 2005. Exh. 8. After a response by the State (Exh. 9b), the post-conviction court summarily denied the Rule 3.850 Motion by order dated June 6, 2006. Exh. 10. Hubbard appealed the summary denial of his Rule 3.850 motion. Exh. 11. On September 15, 2006, the appellate court *per curiam* affirmed the post-conviction court's denial of Hubbard's Rule 3.850 Motion. *Hubbard v. State*, 939 So. 2d 103 (Fla. 2d DCA 2006); Exh. 13. Mandate issued October 6, 2006. Exh. 14.

On October 27, 2006, Hubbard filed a State petition for writ of habeas corpus in accordance with Florida Rule of Appellate Procedure 9.141(c), alleging ineffective assistance of appellate counsel. Exh. 16. After directing the State to file a limited response only to issue six of the State petition (Exh. 18), the appellate court dismissed the petition without a written opinion on May 4, 2007. Exh. 21.

Thereafter, on October 11, 2007, Hubbard filed a petition for writ of habeas corpus in the Florida Supreme Court alleging issues of "great public importance." Exh. 23. In particular, Hubbard sought review of the circuit and appellate courts' denials of Hubbard's Rule 3.850 Motion and habeas corpus petition. *Id*. On December 4, 2007, the Florida Supreme Court "determined that relief

[was] not authorized" and dismissed the State petition citing *Barker v. State*, 878 So. 2d 1236 (Fla. 2006).  Exh. 24.

## III. APPLICABLE LAW

Because Petitioner filed his § 2254 Petition after April 24, 1996, the Petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Abdul-Kabir v. Quarterman*, 127 S. Ct. 1654, 1664 (2007); *Penry v. Johnson*, 532 U.S. 782, 792 (2001).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), *cert. denied*, 535 U.S. 1104 (2002), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).  Several aspects of § 2254, as amended by the AEDPA, are relevant to a review of this Petition.

### A.    Petition Subject to One-Year Limitations Period

AEDPA establishes a one-year federal limitations period for petitions.  In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in

violation of the Constitution or laws of the
United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on
collateral review; or

(D) the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

(2) The time during which a properly filed application
for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation
under this subsection.

The one-year limitations period is not jurisdictional, and is
subject to equitable tolling in certain cases. *Holland v. Florida*,
___ U.S. ___, 130 S. Ct. 2549, 2562 (2010).  For a petitioner to be
entitled to equitable tolling, he must show that (1) he was
pursuing his rights diligently; and (2) that "extraordinary
circumstances" stood in his way, which prevented his timely filing.
*Id.* at 2562.

**B.  Only Federal Claims Are Cognizable**

A federal court may entertain an application for a writ of
habeas corpus, from a person in state custody pursuant to a state
court judgment, only on the grounds that the Petitioner is in
custody in violation of the United States Constitution or the laws
or treaties of the United States.  28 U.S.C. § 2254(a).  A claimed

violation of state law is generally insufficient to warrant review or relief by a federal court under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983).

**C.  Claim Must Be Exhausted in State Court**

A petitioner, even when asserting grounds that warrant review by a federal court under § 2254, must have first raised such grounds before the state courts, thereby giving the state courts the initial opportunity to address the federal issues. A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he

first properly raised the issue in the state courts." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). *See also Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003), *cert. denied sub nom. Pruitt v. Hooks*, 543 U.S. 838 (2004). To properly exhaust a claim, a petitioner must present the *same* claim to the state court that he urges the federal court to consider. A mere citation to the federal constitution is insufficient for purposes of exhaustion. *Anderson v. Harless*, 459 U.S. 4, 7 (1983). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

As to ineffective assistance of counsel claims, Petitioner must have presented each instance of alleged ineffective assistance to the state court in such a manner that a reasonable reader would understand each claim's particular legal basis and specific factual foundation. *Ogle*, 488 F.3d at 1368 (citations omitted); *Kelley*, 377 F.3d at 1344-45. A state prisoner need not file a petition for certiorari with the U.S. Supreme Court, however, in order to exhaust state remedies because the U.S. Supreme Court is not considered to be a part of a "State's post-conviction procedures." *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007).

When presented with a "mixed" petition, i.e., one containing both unexhausted and exhausted claims, a district court is ordinarily required to either dismiss the petition, *Pliler v. Ford*, 542 U.S. 225, 227 (2004); *Rose v. Lundy*, 455 U.S. 509 (1982), or, in limited circumstances and under the district court's discretion, "grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim." *Ogle*, 488 F.3d at 1370 (citing *Rhines*, 544 U.S. at 277-79). However, when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural rule, the Eleventh Circuit has held that a district court can consider the petition but treat those unexhausted claims as procedurally defaulted. *Ogle*, 488 F.3d at 1370. Additionally, while under the AEDPA a federal court may not grant a habeas petition that contains unexhausted claims, it may deny such a petition on the merits. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1261 n.26 (11th Cir. 2005).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . . ." *Smith*, 256 F.3d at 1138.

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "Cause" ordinarily requires a petitioner to demonstrate "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (quoting *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999)). Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different." *Henderson*, 353 F.3d at 892.

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *House*, 547 U.S. at 536; *Edwards*, 529 U.S. at 451; *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of

someone who is actually innocent." *Henderson*, 353 F.3d at 892. *See also House*, 547 U.S. at 536-37 (prisoner asserting actual innocence must establish that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (citation omitted).

### D.  **Federal Court Affords Deference to State Court Decision**

If Petitioner's claim raises a federal question, was exhausted and is not procedurally barred, and was adjudicated on the merits by the Florida court, then this Court must afford a high level of deference to the relevant Florida court's decision on that claim. *See, e.g.*, *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See Knowles v. Mirzayance*, 556 U.S. ___ , 129 S. Ct. 1411, 1412 (2009); *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  *Ferguson*, 527 F.3d at 1146.

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." *Wright v. Van Patten*, 128 S. Ct. 743, 747 (2008); *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a disparate result. *Brown*, 544 U.S. at 141; *Suggs v. McNeil*, 609 F.3d 1218, 1227 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003). Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." *Early v. Parker*, 537 U.S. 3, 8 (2002); *Mitchell*, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert. denied*, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155. Depending upon the legal principle at issue, there can be a range of reasonable applications. *Yarborough v. Alvarado*, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review *de novo*; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. *Id.* at 665-66.

Alternatively, a § 2254 petitioner can obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at

issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. *Rice v. Collins*, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Henderson*, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. *Rolling v. Crosby*, 438 F.3d 1296, 1299 (11th Cir.), *cert. denied sub nom. Rolling v. McDonough*, 126 S. Ct. 2943 (2006).

Finally, if the state court fails or declines to rule on the merits of a particular claim raised before it, that claim falls outside of the scope of § 2254(d)(1)'s restrictions and the reviewing federal habeas court owes no deference to the state court decision when evaluating that claim. *Davis v. Sec'y for the Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003).

### E.   Ineffective Assistance of Trial Counsel/Appellate Counsel

As more fully discussed *infra*, ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this Petition. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 688; *see also Bobby Van Hook*, 558 U.S. ___, 130 S. Ct. 13, 16 (2009). Thus, a habeas court's review of a claim under the *Strickland* standard is "doubley deferential." *Knowles v.*

*Mirzayanze*, 556 U.S. ___, 129 S. Ct.  1411, 1420 (2009)(citing *Yarborough v.  Gentry*, 540 U.S. 1, 5-6 (2003)).  "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Id*.

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted).  Petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006), *cert. denied sub nom. Jones v. Allen*, 127 S. Ct. 619 (2006).  The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. *Id.*  The court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.), *cert. denied sub*

nom. *Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (stating "a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

## IV. DISCUSSION

Upon review of the record and, for the reasons set forth below, the Court concludes no evidentiary proceedings are required in this Court.  *Schriro v. Landrigan*, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.  *Schriro*, 127 S. Ct. at 1940; *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034 (2004).

### A. Petition is Timely Filed

Prior to turning to the merits of the Petition, the Court must first determine whether the Petition was timely filed in this

Court.   Respondent submits that the Petition is not timely.   The Court disagrees.

Petitioner's state conviction became final on July 22, 2005. *See* 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).[2]   This was <u>after</u> the April 24, 1996, effective date of the AEDPA.   Thus, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on July 22, 2006.[3]   The Petition, filed in this Court on March 11, 2008, would be untimely unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during which "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."   Petitioner permitted **52** days to elapse before he tolled the federal limitations period by filing his Rule 3.850 Motion on September 12, 2005.   Exh. 8.   After

---

[2] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review."   20 U.S.C. § 2244(d)(1)(A).   For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[3] Applying "anniversary date of the triggering event." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

mandate issued on October 6, 2006 (Exh. 14), another **21** days elapsed until Petitioner filed his State habeas petition alleging ineffective assistance of appellate counsel on October 27, 2006. Following the State petition's denial on May 4, 2007, another **160** days of untolled time elapsed until October 11, 2007, when Petitioner filed his State petition for writ of habeas corpus with the Florida Supreme Court.  This proceeding was pending and tolled the federal limitations period until the Florida Supreme Court dismissed Petitioner's petition on December 4, 2007, pursuant to *Baker v. State*, 878 So. 2d 1236 (Fla. 2004).[4]  *See Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233, 1238 (11th Cir. 2010)(holding that a state habeas petition dismissed under *Baker*, but that appeared to meet all state procedural and filing requirement on their face, is deemed "properly filed" under § 2244 (d)(2), and tolls the federal limitations period).[5]  Because Petitioner is entitled to this additional tolling, only another **98** days elapsed

---

[4]In *Baker*, the Florida Supreme Court held that petitions for writs of habeas corpus filed in noncapital cases were subject to dismissal as "unauthorized" because the rule of criminal procedure governing motions to vacate, set aside or correct sentences was the available procedural mechanism for raising collateral claims, and petitioners could not use a habeas petition as a substitute for seeking relief through an appropriate post-conviction motion. *Baker*, 878 So. 2d at 1242.

[5]The Court recognizes that the Eleventh Circuit's decision in *Thompson* was decided well after Respondent filed its Response.  The *Thompson* Court found that state habeas petitions although dismissed as "unauthorized" were nonetheless "properly filed," deemed significant the fact that the Florida Supreme Court in *Baker* did not find that it lacked jurisdiction.  *Thompson*, 595 F.3d at 1238.

before Petitioner filed the Petition in this Court on March 11, 2008. Consequently, the Petition was filed 34 days prior to the expiration of the federal limitations time bar. Because the Petition is timely, the Court will consider the grounds raised in the Petition.

**B.   Grounds Raised in Petition**

**1.   Ground Four - Actual Innocence.**

At the outset, the Court addresses Petitioner's freestanding claim of actual innocence set forth in ground four (Petition at 15), due to Petitioner's recurring proclamations of actual innocence throughout the entirety of the Petition. *See generally* Petition. It is not within the province of the Court to make "its own subjective determination of guilt or innocence." *Jackson v. Virginia*, 443 U.S. 307, 319 n.13 (1979). Instead, a federal habeas court entertains a federal habeas petition to determine whether a prisoner is being held in custody in violation of the Constitution or federal law. *Id*. at 321. That being said, it is unclear whether a freestanding claim of actual innocence is even viable in a habeas petition. The Supreme Court has assumed "for sake of argument" that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim."

-19-

*Herrera v. Collins*, 506 U.S. 390, 417 (1993).  But, Petitioner's case is not a capital case.

To date, precedent only permits a claim of actual innocence to serve as a gateway to excuse an otherwise procedurally barred claim.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  Because Petitioner asserts actual innocence to excuse his procedural defaults of certain grounds, the Court will address Petitioner's claim of actual innocence under the *Schlup* standard.  To make a showing of actual innocence, Petitioner must present new evidence, which would establish that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt.  *House v. Bell*, 547 U.S. 518 (2006); *Mize v. Hall*, 532 F.3d 1184.  Petitioner must produce reliable evidence that was not presented at trial.  *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).  In assessing the adequacy of Petitioner's showing, the Court stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do.  Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Schlup v. Delo*, 513 U.S. at 329.

Here, Petitioner does not submit any new evidence that would point to his innocence. Indeed, Petitioner suggests that had he been permitted to "present his theory of defense" the jury would have concluded that his sexual contact with the victim was consensual. Memorandum at 8. The only evidence of innocence Petitioner presents is evidence that was known at the time of trial but excluded.[6]

The Court finds Petitioner fails to demonstrate actual innocence to overcome any procedural bars. The victim testified that she and Petitioner, with whom she was acquainted, were having a conversation alone when Petitioner forced her to the ground, pulled off her clothes, had oral sex with her against her will and forced his penis into her vagina. After the incident, the victim went to a friend's home and told her friend she had been raped. The police were immediately called and the victim was taken to a rape crisis center for examination. *See generally* Exh. 1, Vol. I, pp. 167-183. Upon examination, a tampon was found "crammed or jammed into the vaginal vault." *Id.*, Vol II at 253, lines 15-25. The examiner testified that her observation of the location of the tampon was consistent with the victim's statement of what happened. *Id.*, at 254, lines 15-25. Swabs taken from the fluid in the

---

[6]Petitioner argues that the jury should have been told that the victim allegedly brought "erroneous charges" against another man. Memorandum at 2.

victim's vagina and blood from the Petitioner match "only 1.1 quadrillion Caucasians" and the DNA matched Petitioner.  *Id.* at 286-290.  Petitioner told an investigator, who interviewed him after the incident, that he never had sex with the victim.  *Id.*, Vol. III, at 419, lines 5-7.  In contrast, at trial, Petitioner testified that he did have sex with the victim, but the sex was consensual.  *Id.*, lines 2-4.

Based upon a review of the record, Petitioner does not meet his burden of establishing actual innocence.  Consequently, the Court finds that Petitioner cannot rely upon actual innocence to excuse the procedural default of any claims.

### 2.   Ground One-Fundamental Miscarriage of Justice.

Petitioner submits that a fundamental miscarriage of justice occurred because he had a "consensual encounter" with the victim and no crime was committed.  Petition at 7.  Essentially, Petitioner argues that he was wrongly convicted of the crime of sexual battery.  In support of his claim, Petitioner states that "what was not allowed to be presented to the jury is the fact that the petitioner was not the first victim of the alleged victim in which she sought to pursue erroneous charges on [sic]."  Memorandum at 2.  Petitioner claims he raised this ground in the State court as one alleging ineffective assistance of appellate counsel. Petition at 7.

Upon review of the record, it is clear that Petitioner did not raise a similar issue, or any issue, challenging any evidentiary rulings on direct appeal. *See generally* Exh. 2. Indeed, Petitioner only raised one issue on direct review -- whether the trial court erred in failing to excuse a juror who had contact with a State witness, or striking the testimony of the State witness. *Id*. at 12-17.

Petitioner peripherally raised a similar issue as part of a *Brady*[7] claim set forth in ground seven in his Rule 3.850 Motion. *See* Exh. 8. There, Petitioner argued that the State committed a *Brady* violation in connection with its motion *in limine* concerning the victim's past sexual history. *Id*. In particular, Petitioner alleged that the State, in arguing in support of its motion *in limine*, acknowledged, *inter alia*, that "the alleged victim had in the past accused another man of sexual assault, that is till he offered to pay her what she demanded in turn for dropping the charge." *Id.* The post-conviction court, in denying Petitioner relief on this ground found as follows:

> Defendant's seventh allegation, that the State committed a *Brady* violation, which constituted reversible error, when it suppressed favorable evidence is also without merit. A *Brady* claim must allege that the State either willfully or inadvertently withheld exculpatory evidence from Defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). In the instant case, Defendant's allegation involves "favorable" evidence that was withheld from the jury, and not Defendant, because of prior rulings on the State's

---

[7]*Brady v. Maryland*, 373 U.S. 83 (1963).

motions *in limine*.   This is not a *Brady* violation.
Therefore, Defendant's allegation is without merit.

Exh. 9c at 3, ¶10.

It appears that Petitioner recognizes that the substantive
evidentiary issue - - the trial court's decision to grant the
State's motion *in limine* thereby excluding certain evidence - - was
not raised on direct appeal.  Thus, Petitioner seeks to excuse his
default by raising the factual component of ground one as an
ineffective assistance of appellate counsel claim.   Indeed,
Petitioner filed a state petition for writ of habeas corpus raising
seven claims of ineffective assistance of appellate counsel,
including, at ground six, that appellate counsel was ineffective
for: (1) not arguing on direct appeal that trial counsel was
ineffective for not seeking an interlocutory appeal of the trial
court's grant of the State's motion *in limine* prohibiting the
testimony of defense witness Ron Dallas ("Dallas"); and, (2) not
raising a claim that the trial court erred in granting the State's
motion *in limine*.  Exh. 16 at 26-30.  The State was directed to
file a response as to ground six only.  Exh. 18.

In its response, the State directed the appellate court to the
*Strickland* standard and pointed out that appellate counsel could
not be deemed deficient because: (1) defense counsel agreed with
the State's motion *in limine*; and, (2) there was nothing in the
record that indicated what Dallas (the witness who was excluded
from testifying) would have testified to, or that he was available

-24-

to testify.   Exh. 19 at 4.   In fact, the State predicated its motion seeking to preclude any testimony by defense witness Dallas at trial on the sole ground that the defense was unable to provide an address for Dallas prior to trial in order for the State to depose Dallas.  *See* State's Third Motion *In Limine* attached to Ex. 19 at bates stamp number 11841158.  Further, defense counsel agreed to Dallas' exclusion at the pretrial hearing.   Exh. 19 at 4-6. Defense counsel also concurred that any references to the victim's past sexual conduct would be inadmissible under relevant case law and the rape shield law, except for a reference to the victim's sexual activity with another man which took place a couple of days before the incident with which the State agreed.  *Id*. at 5.   The State appellate court denied Petitioner's State petition for writ of habeas corpus without opinion.   *Id*.

The Court deems Ground One exhausted only to the extent that Petitioner raised the Ground below.  The State appellate court's determination of the claim is entitled to deference.  *Wright v. Sec'y Fla. Dep't of Corr.*, 278 F.3d 1245, 1255 (11th Cir. 2002), *cert. denied*, 528 U.S. 906 (2003)(recognizing that for a state court's resolution of a claim to be an adjudication on the merits and entitled to deference for purposes of habeas relief, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling).  As discussed *supra* and as pointed out by the State in its

response, the applicable federal standard in evaluating an ineffectiveness of appellate counsel claim is the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 688, which requires a petitioner to establish both deficient performance and prejudice as a result of the deficiency. *Id*. at 687. Here the record is clear that appellate counsel had no basis to assert either a claim of ineffective assistance of counsel or a claim of trial court error in connection with the trial court's order granting the State's motion *in limine*. Indeed, the issue of trial court error was not preserved for appellate review. Thus, appellate counsel cannot be deemed ineffective for failing to raise a meritless claim. *Ladd v. Jones*, 864 F.2d at 109-10.

Based upon review of the record and applicable law, the Court finds that Petitioner has failed to demonstrate that the Florida appellate court's disposition of this claim was contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable application of the facts based upon the evidence of record. 28 U.S.C. § 2254(d)(1). Thus, Ground One is denied as without merit.

### 3.   **Ground Two-Ineffective Assistance of Trial Counsel.**

Petitioner claims that trial counsel was ineffective for (a) failing to object to charges as charged in the information, and failing to object to the State's expert witness; and, (b) failing to object to evidence being entered into trial. Petition at 8-9.

In support of Ground Two (a), Petitioner claims that "the State never named the defendant in the charging instrument and used 'and/or' in information." Petition at 9. Thus, Petitioner submits that the charging document was improper. *See generally* Petition at 9; Memorandum at 3. Regarding counsel's failure to object to the State witness as an expert, other than referring to the witness as a "lay person," Petitioner fails to elaborate on what basis counsel should have objected to the witness' testimony. *Id.*

In Ground Two (b), Petitioner submits that counsel was ineffective for failing to challenge the rape kit's "chain of custody" or the "trustworthiness and veracity of the test." Petition at 9. Petitioner raised Ground Two (a) concerning the charging document as "issue 2," and Ground Two (b) concerning the rape kit as "issue 5" in his Rule 3.850 motion. Exh. 8.[8] The post-conviction trial court denied Petitioner relief on each of these issues, finding:

> Defendant's second allegation, that trial counsel was
> ineffective for failing to object to the charges as

---

[8]Petitioner also raised the substantive bases of these grounds -- that the charging document was defective and the State failed to establish a proper chain of custody for his blood samples that were subject to DNA testing -- -as "issue 1" and "issue 4" in his Rule 3.850. *Id.* The State court in its order denying Petitioner relief, found that the record conclusively refuted Petitioner's claim that the Information was defective, and found that Petitioner's chain of custody challenge should have been raised on direct appeal, and thus, was procedurally barred. Exh. 10 at 2, ¶4, ¶7.

charged in the Information is also without merit.  The benchmark for judging claims of ineffective assistance of counsel is whether counsel's performance undermined the proper functioning of the adversarial process, thereby producing a result which cannot be relied on, that is, but for the deficient performance the outcome would be different.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Williamson v. Dugger*, 651 So. 2d 84 (Fla. 1994); *Cabrera v. State*, 766 So. 2d 1131 (Fla. 2d DCA 2000). The Information in this case was not defective, therefore, counsel could not have been ineffective for failing to raise a meritless claim.

Defendant's fifth allegation, that trial counsel was ineffective for failing to object to the improperly admitted evidence is also without merit.  Relevant physical evidence is generally admissible, unless there is an indication of tampering.  *Murray v. State*, 838 So. 2d 1073 (Fla. 2002).  In the instant case, there was no allegation of tampering.  Furthermore, Defendant admitted on the stand that he had consensual sex with the victim on October 24, 2000.  See a copy of the trial transcript Vol. III, p. 418, attached hereto.  Therefore, defense counsel had no reason to object to the introduction of DNA evidence.

Exh. 10 at 2-3, ¶5, ¶8.  The appellate court affirmed the trial court's rulings.  Exh. 13.

Upon review of the record, the Information unequivocally identifies Petitioner, "Kenneth D. Hubbard," as the Defendant on the Information.  *See* Information attached as "States Exhibit A" to response to Rule 3.850, Exh. 9b.  Further, the Information clearly charges Petitioner with one count of sexual battery upon a person 12 years of age or older without consent.  *Id*.  The "and/or" language of which Petitioner complains comes from Florida's statutory definition of sexual battery as defined in Florida

Statute § 794.011(5), *i.e.* "union and/or penetration of the victim's vagina with the defendant's penis." *Id.*

Under the Sixth Amendment, Petitioner has "the right . . . to be informed of the nature and cause of the accusation." U.S. Const. Amend VI. In Florida, "[a]n information is fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy." *State v. Burnette*, 881 So. 2d 693, 694-95 (Fla. 1st DCA 2004). Petitioner fails to assert on what basis counsel should have objected to the Information.

Similarly, other than his mere assertion that counsel should have challenged the rape kit's chain of custody, Petitioner provides no basis upon which counsel should have objected to this highly relevant evidence. Under Florida law, "[a] bare allegation by a defendant that a chain of custody has been broken is not sufficient to render relevant physical evidence inadmissible." *Floyd v. State*, 850 So. 2d 383, 399 (Fla. 2002). Thus, Petitioner fails to demonstrate how counsel was deficient.

Based upon the record and relevant case law, the Court finds that the State court's denial of each of these issues was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or an unreasonable determination of the facts in light of the evidence presented. Thus, Grounds Two(a) and Two(b) are denied.

With regards to Petitioner's claim that counsel was ineffective for failing to object to the State's expert witness, Petitioner presented an issue challenging the State's expert witness to the post-conviction court below, but raised the issue only on substantive grounds, and not as a claim of ineffective assistance of counsel. *See* Exh. 8, Issue 3. In denying this issue, the post-conviction court ruled as follows:

> Defendant's third allegation, that the State erred in presenting a witness as an expert witness that was not qualified as an expert, should and could have been raised on direct appeal and, therefore, is procedurally barred. *Jackson v. State*, 437 So. 2d 147,148 (Fla. 1983); *Moore v. State*, 768 So. 2d 1140,1141 (Fla. 1st DCA 2000).

Exh. 10 at 2, ¶6. It is clear that Petitioner did not present an ineffective of trial counsel issue regarding the State's expert witness to the State court. Thus, Petitioner has failed to exhaust this claim, and this claim is now deemed procedurally barred. *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990)(recognizing two-year bar for rule 3.850 motions in Florida). Petitioner does not demonstrate cause for the default and actual prejudice. As discussed at the outset, Petitioner does not meet the fundamental miscarriage exception. Consequently, the Court is precluded from addressing this claim. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

**4.    Ground 3–Ineffective Assistance of Appellate Counsel**

Petitioner asserts that appellate counsel was constitutionally ineffective for (a) failing to raise and argue the structural defect of the chain of custody and expert witness; (b) failing to raise the fact that the State failed to prove all the essential elements of the charged offense; (c) failing to challenge the rulings on the motion *in limine* regarding the victim's casual sexual relations she had while her boyfriend was out of town; (d) failing to raise and argue issues sent to counsel from Petitioner; (e) failing to raise and argue the fact that circumstantial evidence standing alone is not enough to sustain the conviction; (f) failing to raise and argue the lower tribunal's grant of the State's motion *in limine* concerning defense witness Dallas; and, (g) failing to raise the defects in the charging information. Petition at 11-14. Petitioner raised each of these grounds in his petition. Exh. 16. The appellate court, after directing a response only to Ground Three (f), summarily denied the Petition. Exh. 21. Thus, the court's decision constitutes a decision on the merits that is entitled to deference.

In support of Ground Five (a), Petitioner argues that the claim concerning the chain of custody should and could have been raised on direct appeal; and, in the alternative, alleges that the claim constitutes one of fundamental error. *Id*. at 12. Respondent argues that the claim was not preserved for appellate review

because there was not a contemporaneous objection at trial. Response at 30. Additionally, Respondent points to the appellate court's silent denial of Petitioner's petition as evidence that there was no fundamental error.

Upon review of the record, it is clear that defense counsel did initially lodge an objection to introduction of the rape kit on the basis of chain of custody. Exh. 1, Vol II. at 258, lines 18-20. The State in response argued that there was no chain of custody issue because there was no evidence of tampering. *Id.*, line 21-24. Consequently, although it appears that defense counsel was in the process of withdrawing its objection, the trial court overruled the objection. *Id.* at 258-59. Arguably, defense counsel did object to the introduction of the rape kit on chain of custody grounds, but the trial court overruled the objection, finding no evidence of tampering. As noted *supra*, Petitioner does not allege or come forward with any evidence of tampering. Thus, it is unclear on what basis appellate counsel could have objected to the court's decision to permit the introduction of the rape kit. Appellate counsel cannot be deemed deficient for failing to raise a meritless claim.

In support of Ground Three (b), Petitioner again proclaims his innocence and contends that the sex was consensual; and thus counsel's failure to object on the basis of sufficiency of the evidence constitutes fundamental error. Petition at 12.

Respondent argues that the issue of whether the state established all the elements of the case was not preserved on appeal, and the court's silent denial of the issue is evidence that there was no fundamental error.  Response at 30.

Upon review of the record, counsel did in fact preserve Petitioner's rights for purposes of appeal, but explicitly noted that based upon the evidence, there was no basis to move for a judgment of acquittal on the sexual battery charge.

> We have the motion for JOA at this point to preserve any motion of JOA at the close of all evidence.  As far as ID and venue, that's not an issue.  The only issues we may have would be on the elements of a sexual battery, and there has been testimony, so I believe at this point it would be ludicrous to argue prima facie hasn't been reached.

Exh. 1, Vol. II at 362, lines 16-22.  Thus, defense counsel conceded that there was no basis to move for a judgment of acquittal at the close of the State's case, in light of the victim's testimony.

Additionally, in ruling on a sufficiency of the evidence claim, the Court must determine that "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime [of sexual battery] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Here, essentially Petitioner argues that the crime of sexual battery did not occur because the victim consented to having sex.  The victim testified that she did not

consent to have sex with the Petitioner.  The jury believed the victim's version of the events.  The Court defers to the judgment of the jury in determining the credibility of the witnesses and in weighing the evidence.  *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001).  Upon review of the record, the Court concludes that the evidence was more than sufficient to sustain the conclusion that Petitioner committed a sexual battery on the victim.

Petitioner's claim set forth in Ground Three (c) concerning appellate counsel's failure to challenge the court's ruling granting the State's motion *in limine* has been addressed above and need not be repeated herein.  To the extent that Petitioner claims that appellate counsel should have objected to the trial court's ruling limiting testimony as to the "victim's other casual sexual relations she had while her boyfriend was out of town" (Petition at 12), the record reflects that the trial court did permit testimony and evidence about the fact that the victim had a sexual encounter with another man a few days before the date of the crime. Florida's Rape Shield Law precludes testimony regarding the victim's past sexual activities or the ability to cross examine a victim about it.  *See* Fla. Stat. § 794.22.  Moreover, evidentiary rulings made by the State court do not generally raise viable habeas claims, unless the ruling deprived Petitioner of his right

to a fair trial. *Bodkins v. Wainwright*, 737 F.2d 1539, 1543-44 (11th Cir. 1984).

In support of Ground Three (d), Petitioner states that he sent appellate counsel "letters showing that the alleged victim LIED on the stand" and submits that the prosecution committed a "structural error" by "knowingly using perjured testimony." Petition at 13. In his State petition, Petitioner explains that he pointed out alleged "inconsistent statements" made by the victim during trial. Exh. 16 at 21. Petitioner then faults appellate counsel for failing to raise on appeal "the perjury" by the victim. *Id*. Petitioner attaches to his State petition, the first page of appellate counsel's letters to Petitioner addressing Petitioner's concerns about the victim's alleged perjury. In pertinent part, appellate counsel stated:

> The fact that there was contradiction in the testimony does not mean there is by law reasonable doubt. The jury's job is to determine who they want to believe. Unfortunately, they chose to believe the State's witnesses. The appellate court will not second guess who the jury wanted to believe. The alleged victim said you had sex with her without her consent. You said she did consent. The jury believed her.

*Id*., February 17, 2005 letter attached as exhibit. Other than Petitioner's unsubstantiated allegations, Petitioner provides no other support that the victim perjured herself, or that the prosecutor suppressed perjured testimony. The fact that Petitioner's testimony or his version of the incident contradicted

the victim's testimony and her version of the incident does not equate to perjured testimony by the victim.

In support of Ground Three (e), Petitioner argues that the trial court should have granted Petitioner a judgment of acquittal because there was only "circumstantial evidence" of Petitioner's guilt.  Petition at 13.  The issue of the trial court's denial of a judgment of acquittal was addressed in Ground Three (b) above. Further, the record refutes that there was only "circumstantial evidence" of Petitioner's guilt.  Indeed, the State produced direct evidence, the victim's eye-witness account, as well as critical physical evidence that inculpated Petitioner.

Petitioner's claim set forth in Ground Three (f) is redundant of the claim set forth in Ground One above.  Petitioner's claim set forth in Ground Three (g) is redundant of the claim set forth in Ground 2(a) above.  Consequently, the Court incorporates herein its reasoning and decision as set forth above.

Further, the Court rejects Petitioner's assertion that any of his ineffective assistance of appellate counsel claims either individually or cumulatively rose to the level of fundamental error.  "Fundamental error" is "error that reaches down into the validity of the trial itself to the extent that the verdict of guilty . . . could not have been obtained without the assistance of the alleged error." *Morton v. State*, 789 So. 2d 324, 329 (Fla. 2001)(citation and quotation marks omitted).  In summary, none of

these issues present viable appellate claims.  Nothing constituted error, much less fundamental error.  Petitioner has not demonstrated that appellate counsel was deficient, nor can he show prejudice to the outcome due to counsel's failure to raise these issues on appeal.  Consequently, the Court finds that the State court's denial of each of these issues was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or an unreasonable determination of the facts in light of the evidence presented.  Based upon the foregoing, the Court denies Petitioner relief of each of the claims raised in Ground Three.

**Ground 5 -Fundamental Constitutional Error.**

Petitioner asserts, in a conclusory fashion, that his fundamental right to a fair trial was violated.  Petition at 18.  Petitioner refers the Court to his Memorandum in further support of his claim of fundamental error.  *Id*.  To the extent discernable, it appears that Petitioner finds fault with the post-conviction court's failure to afford Petitioner an evidentiary hearing in connection with his Rule 3.850 Motion and on his claims of actual innocence.  Memorandum at 9-10.  Precedent is clear that "defects in state collateral proceedings do not provide a basis for habeas relief." *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009)(citing *Anderson v. Sec'y for Dep't of Corr.,* 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam); *Quince v. Crosby,*

360 F.3d 1259, 1262 (11th Cir. 2004); *Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam)). Thus, it is "'beyond debate' that a state court's failure to conduct an evidentiary hearing on a post-conviction motion does not constitute a cognizable claim for habeas relief." *Carroll*, 574 F.3d at 1365. Consequently, the Court denies Petitioner relief on Ground Five.

Therefore, it is now

**ORDERED and ADJUDGED:**

1.   Respondent's motion to dismiss the Petition as untimely, which is incorporated within Respondent's Response, is **DENIED.**

2.   The Petition (Doc. #1) is **DENIED** for the reasons set forth herein.

3.   The Clerk of the Court shall enter judgment accordingly and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 8th day of February, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record